UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORRAINE S. HOFFMAN,

    Plaintiff,                                         Case No. 8:22-cv-02004

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC,

    Defendant.
_____/

**NOW COMES** LORRAINE S. HOFFMAN, through undersigned counsel, complaining of HEALTHCARE REVENUE RECOVERY GROUP, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA") pursuant to 15 U.S.C. § 1692, the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Fla. Stat. §559.55, and Regulation F ("Reg F") pursuant to 12 CFR 1006.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. LORRAINE S. HOFFMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Plant City, Florida.

5. HEALTHCARE REVENUE RECOVERY GROUP, LLC ("Defendant") is a limited liability company with its principal place of business at 1649 Harrison Parkway, Suite 100,

1

Building H, Sunrise, Florida 33323.

## FACTUAL ALLEGATIONS

6. In or around November 2021, Plaintiff started to receive collection calls from Defendant regarding a $145 debt allegedly owed to Paragon Contracting Service ("subject debt").

7. When informed of the reason for Defendant's calls, Plaintiff advised that she did not believe that it was her debt.

8. On December 3, 2021, Plaintiff advised that she works the night shift and that Defendant's calls were disrupting her sleep.

9. Plaintiff then requested that Defendant's phone calls cease.

10. Unfortunately, Defendant subsequently placed 5 collection calls to Plaintiff within 2 hours, an alarming rate that caused anxiety and Plaintiff to lose sleep.

11. Additionally, Plaintiff received a collection call to her employer on December 2, 2021.

12. Upon receiving the collection call, Plaintiff's boss advised Plaintiff that she cannot receive personal calls at work.

13. Defendant's collection calls came from numbers including, but not limited to, (800) 984-9115.

14. Concerned with the incessant collection activity, Plaintiff retained counsel to stop Defendant's harassing collection practices.

## DAMAGES

15. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

16. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; loss of sleep; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

17. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Defendant was unable to receive other phone calls or otherwise utilize her cellular telephone while her phone was ringing.

18. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it was incurred for personal or household purposes.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

3

## Violations of FDCPA §§1692c

23. Section 1692c of the FDCPA regulates communication in connection with debt collection.

24. Specifically, §1692c(a)(1) states:

without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt – at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer...In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian,. . .local time at the consumer's location. 15 U.S.C. §1692c(a)(1)

25. Additionally, §1692c(a)(3) prohibits a debt collector from contacting a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. §1692c(a)(3).

26. Defendant violated §§1692c and c(a)(1) when it knowingly placed collection calls to Plaintiff during times that it knew to be inconvenient to Plaintiff.

27. Specifically, Plaintiff had advised Defendant that she works the night shift and that Defendant was disrupting her sleep with its collection calls.

28. Defendant violated §§1692c and c(3) when it contacted Plaintiff at her place of employment.

29. To Plaintiff's dismay, Defendant's collection calls to her place of employment caused her to be reprimanded by her employer.

## Violations of 15 U.S.C. § 1692d

30. Section 1692d of the FDCPA provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing 5 collection calls within a 2-hour period on December 3, 2021.

32. Additionally, on several occasions, Defendant placed numerous unwanted collection calls to Plaintiff within a short period of time.

## Violations of 15 U.S.C. §1692g

33. Section 1692g of the FDCPA requires debt collectors to send a 30-day validation notice to a consumer within five days of the initial communication with Plaintiff.

34. Defendant violated §1692g by failing to send Plaintiff the required 30-day validation notice within five days of the initial contact with Plaintiff.

35. Specifically, Plaintiff *never* received the required validation from Defendant alerting her to her rights to dispute and request validation from Defendant.

**WHEREFORE**, Plaintiff, LORRAINE S. HOFFMAN, requests that this Honorable Court grant her the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## COUNT II:
## Violations of Regulation F
## (12 CFR 1006 *et seq.*)

36. Pursuant to §1006.14(a) of Regulation F, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 12 CFR 1006.14(a).

37. Section 1006.14(b)(2)(i)(A) of Regulation F prohibits a debt collector from contacting a consumer "more than seven times within seven consecutive days." 12 CFR 1006.14(b)(2)(i)(A).

38. Section 1006.34(a) requires a debt collector to provide a consumer with validation information within five days of the initial communication. 12 CFR 1006.34(1)(i).

39. Defendant violated §§ 1006.14 and 1006.14(b)(2)(i)(A) of Regulation F by placing more than 7 collection calls to Plaintiff's cellular phone number within a seven-day period in an attempt to collect the subject debt.

40. Defendant's conduct in systematically placing calls to Plaintiff's cellular phone number is inherently harassing and abusive.

41. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as the frequency of Defendant's calls would lead any reasonable person to be frustrated.

42. The fact that Defendant knowingly placed such a high volume of calls to Plaintiff is illustrative of Defendant's intent to harass and annoy Plaintiff.

43. Defendant violated § 1006.34(a)(1)(i) by failing to send Plaintiff the initial validation notice, thus depriving Plaintiff of information regarding her rights to dispute and request validation.

**WHEREFORE**, Plaintiff, LORRAINE S. HOFFMAN, requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate Regulation F, therefore violating the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

    c.    Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
### Violations of the Florida Consumer Collection Practices Act
### (Fla. Stat. § 559.55 *et seq*.)

44. Subsection 559.72 of the FCCPA provides:

In collecting consumer debts, no person shall:

    (7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

    …

    (9)    Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

45. Defendant violated Fla. Stat. § 559.72(7) by placing numerous collection calls to Plaintiff in a short period of time.

46. Plaintiff was harassed and abused by Defendant's incessant collection calls.

47. Defendant called Plaintiff's employer, causing Plaintiff to be reprimanded by her employer for the constant calls.

48. Defendant calls at such inconvenient times that the calls caused Plaintiff to lose sleep.

49. Defendant's incessant collection calls were placed with the intent to harass Plaintiff and pressure Plaintiff into making payment on a debt that Plaintiff advised she did not owe.

50. Defendant violated Fla. Stat. § 559.72(9) by attempting to collect the subject debt from Plaintiff when Plaintiff had informed Defendant that the debt did not belong to her.

51. Instead of ceasing contact, Defendant continued to place harassing collection calls to Plaintiff in an attempt to coerce her into making a payment on a debt that was not hers.

**WHEREFORE**, Plaintiff, LORRAINE S. HOFFMAN, requests that this Honorable Court enter judgment in her favor as follows:

A. a finding that Defendant violated Fla. Stat. §§ 559.72(7) and 559.72(9);

B. an award of actual damages sustained by Plaintiff as a result of Defendant's violations;

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper,

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: August 31, 2022                                Respectfully submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com