UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORRAINE S. HOFFMAN,

    Plaintiff,

v.                                  Case No.: 8:22-cv-02004-SDM-AAS

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

    Defendant.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("Defendant" or "HRRG") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [DE 1], and states the following:

**NATURE OF THE ACTION**

1. Admitted to the extent of subject matter, personal and federal question jurisdiction, venue and claims identified under the provisions of the Fair Debt Collection Practices Act ("FDCPA"). Otherwise denied; Defendant HRRG demands strict proof thereof.

## JURISDICTION AND VENUE

2. Admitted for purposes of federal question jurisdiction, subject matter jurisdiction, and venue only; otherwise denied.

3. Admitted for purposes of supplemental jurisdiction only; otherwise denied.

## PARTIES

4. Admitted for purpose of jurisdiction and venue only; otherwise denied.

5. Admitted for purpose of jurisdiction and venue only; otherwise denied.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Unknown at this time; therefore denied.

8. Unknown at this time; therefore denied.

9. Unknown at this time; therefore denied.

10. Unknown at this time; therefore denied.

11. Unknown at this time; therefore denied.

12. Unknown at this time; therefore denied.

13. Unknown at this time; therefore denied.

14. Unknown at this time; therefore denied.

15. Denied. Defendant demands strict proof thereof.

16. Denied. Defendant demands strict proof thereof.

17. Denied. Defendant demands strict proof thereof.

18. Denied. Defendant demands strict proof thereof.

## Count I: FDCPA

Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–18.

19. Admitted for the purposes of jurisdiction and venue only; otherwise denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted to the extent that Section 1692c is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1692c. Otherwise, denied.

24. Admitted to the extent that Section 1692c is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1692c. Otherwise, denied.

25. Admitted to the extent that Section 1692c is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1692c. Otherwise, denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted to the extent that Section 1692d is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1692d. Otherwise, denied.

31. Denied.

32. Denied.

33. Admitted to the extent that Section 1692g is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1692g. Otherwise, denied.

34. Denied.

35. Denied.

## Count II:

## REGULATION F

Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1–35.

36. Admitted to the extent that Section 1006.14 is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1006.14. Otherwise, denied.

37. Admitted to the extent that Section 1006.14 is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1006.14. Otherwise, denied.

38. Admitted to the extent that Section 1006.14 is self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of Section 1006.14. Otherwise, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## Count III:

## FCCPA

Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1-43.

44. Admitted to the extent that Sections 559.72(7) and (9) are self-evident. Denied to the extent that Defendant HRRG is liable to the Plaintiff for any claim arising out of either Section 559.72(7) and/or Section 559.72(9). Otherwise, denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## DEMAND FOR JURY TRIAL

52. Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Florida's Consumer Collection Practices Act ("FCCPA"), Section 559.77 Fla. Stat. since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fifth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**Sixth Affirmative Defense**

Defendant affirmatively alleges that Defendant lacks the requisite intent under Section 559.72(7) *Fla. Stat.*

**Seventh Affirmative Defense**

Defendant affirmatively alleges that Defendant lacks the requisite "actual knowledge" under Section 559.72(9) *Fla. Stat.*

**Eighth Affirmative Defense**

Defendant affirmatively alleges that Regulation F does not create, establish or enact a separate and independent private cause of action from the provisions of the Fair Debt Collection Practices Act ("FDCPA") and thus any allegation under Count II is non-actionable and/or duplicative to Count I.

WHEREFORE, Defendant, HRRG, requests that this Court dismiss Plaintiff's Complaint and that Defendant HRRG be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **3rd day of October 2022.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **October 3, 2022,** with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Alexander J. Taylor, Esquire of Sulaiman Law Group, Ltd. at *ataylor@sulaimanlaw.com (Attorneys for Plaintiff).*

<u>*/s/ Ernest H. Kohlmyer, III*</u>
Ernest H. Kohlmyer, III, Esq., LL.M.
SKohlmyer@Shepardfirm.com
service@shepardfirm.com
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*